[Civ. No. 3603. First Appellate District, Division One.—November 13, 1920.]

## STELLA STROMBERG, Appellant, v. FRANK C. TANFORAN et al., Respondents.

[1] JUDGMENT—ACTION TO SET ASIDE DEED—FRAUD—DURESS—BAR TO SUBSEQUENT ACTION.—A judgment for the defendant in an action to set aside a deed on the separately stated grounds of fraud and duress after the trial court had erroneously required the plaintiff to elect to proceed on one of the grounds is conclusive against a subsequent action for the same relief on the other ground, where the judgment was affirmed on appeal on the ground that the error was harmless because it was not committed until after the plaintiff had introduced all of her evidence and it failed to sustain either ground.

[2] ID.—PLEADING—INSUFFICIENT COMPLAINT.—A complaint to set aside a deed on the ground of duress wholly fails to state a cause of action on such ground, where it expressly alleges that while the defendant did exercise toward plaintiff certain acts of menace and duress, she steadfastly refused to execute the deed, and that such deed when finally executed was so executed after the cessation of the duress and by reason of defendant's misrepresentations.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge. Affirmed.

The facts are stated in the opinion of the court.

50 Cal. App.—1       (1)

W. W. Sanderson for Appellant.

Joseph K. Hawkins, Edward C. Harrison and Maurice E. Harrison for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants in an action brought by plaintiff to set aside a deed.

To the plaintiff's complaint alleging several grounds, to be hereafter referred to, as the basis of her cause of action, the defendants filed an answer containing specific denials thereof and pleas of the statute of limitations as a bar to said action. They also allege, by way of affirmative defense, a state of facts in support of their plea of *res adjudicata.* The history of the litigation between the parties as thus shown by their pleadings may be summarized as follows: Prior to the month of February, 1909, the plaintiff, whose name was then Stella Tanforan, and the defendant, Frank Tanforan, were husband and wife. Domestic troubles had arisen between them, which led to an agreement of separation and to the execution of a deed from the wife to her husband, both of which instruments were executed on the eighteenth day of February, 1909. The deed covered certain undivided interests in three parcels of property in Marin County which constituted the separate estate of the wife, and were subject to a life tenancy of her mother, who was then living, and who died in the year 1913. Subsequently, and in the year 1910, Stella Tanforan commenced an action against her former husband, Frank Tanforan, to set aside said deed upon several grounds. In the first count of her amended complaint in said action she alleged that said deed was procured by said defendant through direct fraud in the making of certain misrepresentations of fact, in reliance upon which she had executed said deed. In the second count of her said amended complaint she charged said defendant with having procured said deed through actual duress consisting of menace and threats. The defendant in that action appeared and denied the averments of both counts of said complaint, and the cause came on for trial. At the commencement of such trial the court, upon the suggestion of the defendant, declared that the plaintiff's two counts

were inconsistent, and that the plaintiff would ultimately be required to elect upon which one of said counts she would stand before the defendant would be required to put in his case. The court, however, stated that he would not compel such election until the plaintiff had introduced all her testimony. When the plaintiff had done this and had rested her case the defendant moved that the plaintiff be required to elect upon which of the counts she would stand, and plaintiff thereupon elected to stand upon the first count in her said amended complaint. At the close of the trial the court made its findings in favor of the defendant, and entered its judgment accordingly, awarding the plaintiff no relief. Thereupon the plaintiff appealed to the supreme court, and urged upon said appeal that the trial court was in error in requiring her to make an election. The cause on appeal was heard and decided by the supreme court in *Tanforan* v. *Tanforan,* 173 Cal. 270, [159 Pac. 709]. In passing upon the point urged by said plaintiff upon said appeal the supreme court decided that while the trial court was in error in requiring the plaintiff to make an election between the two counts in her complaint, it was an error without injury to said plaintiff for the reason that the ruling of the trial court to that effect was made after all of the plaintiff's testimony in support of her whole case had been received, and when the record showed that no evidence whatever had been introduced by her in support of the averments of the second count in her said complaint charging the defendant therein with duress. The judgment was accordingly affirmed, and after said judgment had become final by such affirmance the plaintiff commenced the present action.

In her amended complaint in this action the plaintiff again seeks to set aside said deed, and in so doing undertakes to set forth in a single count substantially the same matters as those embraced in the two counts of her amended complaint in the former action. It is to this complaint that the defendants interposed the plea of *res adjudicata,* setting forth the rendition and finality of the former judgment. The trial court sustained said plea, and again rendered judgment in the defendant's favor, and from

such judgment so rendered upon said ground this appeal has been taken.

[1] The main contention which the appellant urges upon this appeal is that the former judgment cannot be availed of by the defendants in bar of the present action for the reason that in part at least the present action is founded upon the restatement of the facts set forth in the second count of her former action; and that since the trial court in such action had compelled her to make an election between the two counts in her amended complaint in said action, and to thus abandon the second count in said complaint, the judgment rendered in said action cannot be made the basis of a plea in bar of this action in so far as the same is based upon the defendant's alleged duress. This contention on the part of the appellant is founded upon the conception that since her amended complaint in said former action contained two counts, it therefore contained two separate causes of action, one of which she was compelled to abandon in that action, and is therefore entitled to reassert in this one. We are of the opinion that this is a mistaken conception on the appellant's part; that she had originally but one cause of action against the defendant, Frank Tanforan, namely, a cause of action to cancel and set aside her said deed to him upon whatever grounds she might assert as the reasons for its invalidity. She chose in her amended complaint in said former action to embody these grounds in two separate counts, but she did not thereby create two separate causes of action; and while the trial court in said cause was in error, as the supreme court in *Tanforan* v. *Tanforan, supra,* has stated, in requiring the said plaintiff to elect upon which count she would stand, it was an error which was harmless for the reason that it was not committed until after the plaintiff had had her full opportunity to present all of the evidence she possessed in support of both counts of her complaint; and since she presented none in support of her second count in her said complaint the ruling of the trial court in that regard amounted to nothing more than its finding that there was no evidence before it to sustain the averments of said second count. It is true that the supreme court in its decision of said cause upon appeal made use of some loose language to the effect

that the election which the trial court required amounted
in effect to a nonsuit as to that count; and the plaintiff's
insistence in the present action is largely based upon that
statement.    The record in the former case shows that the
plaintiff therein not only failed to produce any evidence
in support of the averments which were embraced in the
second count of her complaint therein, but that she also
failed to produce sufficient evidence to support the aver-
ments of the first count in said complaint; and she thus
upon the trial of said action, with the full opportunity
so to do, failed to support her cause of action, which was,
as we have seen, an action to set aside said deed upon the
grounds of fraud, misrepresentation, and duress.    Having
thus had her full opportunity to present her single cause
of action upon the merits thereof, and having failed so
to do, and having suffered a judgment to be taken against
her sustaining said deed against her assault upon these
grounds, she cannot again be heard to assert either or any of
said grounds in a new action against said defendant brought
to set aside said conveyance.

It is not necessary to cite authorities upon the general
subject of the applicability of the doctrine of *res adjudi-
cata* to cases of this character; nor is it necessary to com-
ment in detail upon the cases which have been referred
to by the appellant as upholding her claim further than
to say that in each of the cases relied upon by her two
distinct and separate causes of action were embraced in
the earlier suit, but one of which was decided upon its
merits.    In such cases, of course, there is no basis for the·
plea; but such cases are not analagous to the case at
bar, in which, as we have seen, the plaintiff had originally
but one cause of action, upon which the judgment of the
trial court against her would operate as a bar to a further
prosecution of that cause of action.

[2]    It may be stated, however, that we are of the opinion
that the judgment in the instant case should be affirmed upon
another ground, which is that the amended complaint in
this section, while setting forth a cause of action to set
aside said deed upon the ground of fraud, wholly fails to
state a cause of action to set aside said deed sounding in
duress, since said amended complaint expressly alleges
that while the defendant Tanforan did exercise toward

her certain acts of menace and duress, she steadfastly refused to execute said deed while under the influence of such menace and duress, and that such deed when finally executed by her was so executed after the cessation of such menace and duress, and that the same was executed by her by reason of and under the influence alone of a mistake of fact arising out of the defendant's misrepresentations to her. This being the state of the plaintiff's own pleading, we are constrained to hold that her present action amounts to nothing more than a restatement of her former cause of action in so far as the same sounded in the defendant's alleged fraud and misrepresentation, and as to these grounds the judgment of the trial court in the former action is conclusive.

This determination of the main point urged by the appellant upon this appeal against her contention renders unnecessary a consideration of the question as to whether this action was not also barred by the statute of limitations.

Judgment affirmed.

Kerrigan, J., and Wood, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1921.

All the Justices concurred.